United States District Court
District of Massachusetts

| | |
|---|---|
| LUCIANA RIZZI, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> 178 LOWELL STREET OPERATING ) <br> COMPANY, LLC, HEALTHBRIDGE ) <br> MANAGEMENT, LLC, DAVID UPTON ) <br> and JOSEPH MACKENSON, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 15-12008-NMG |

MEMORANDUM & ORDER

GORTON, J.

I. **Introduction**

This case involves claims of sexual harassment and retaliation by plaintiff Luciana Rizzi ("Rizzi") against defendants 178 Lowell Street Operating Company, LLC d/b/a Lexington Health Care Center ("Lexington Health Care Center"), Healthbridge Management, LLC ("Healthbridge"), David Upton ("Upton") and Joseph MacKenson ("MacKenson"). Pending before the Court are plaintiff's motions to remand to state court and for costs and attorneys' fees. For the reasons that follow, the motion to remand will be allowed and the motion for costs and attorneys' fees will be denied.

## II. Background

Rizzi is a resident of Medford, Massachusetts. Healthbridge and Lexington Health Care Center are limited liability companies. The sole member of Lexington Health Care Center is a citizen of New Jersey. The sole member of Healthbridge is a citizen of New York and New Jersey. Upton and MacKenson are individuals who reside in Massachusetts.

Rizzi was employed by Healthbridge as a dietary aid at Lexington Health Care Center from 2000 until 2013. In or about May, 2013, MacKenson was hired as a dietary aid and began working with Rizzi. Rizzi alleges that MacKenson made sexually harassing statements to her and, on at least three occasions, also made unwelcome contact with her body. She further alleges that in July, 2013 she reported those incidents to her supervisor, Upton, who declined to address her complaints. Since that date, Rizzi purportedly has not been scheduled to work at Lexington Health Care Center and defendants have failed to compensate her for completed overtime work.

On May 22, 2015, Rizzi filed a complaint in the Massachusetts Superior Court for Middlesex County. On June 1, 2015, Lexington Health Care Center and Healthbridge ("the LLC defendants") accepted service of the complaint. On the same day, those defendants removed the case to federal court, relying on diversity of citizenship to establish federal jurisdiction.

The two individual defendants, Upton and MacKenson, had not then, nor have they been to this date, served with process.

### III. **Motion to Remand**

#### a. Legal Standard

Federal diversity jurisdiction is available in cases arising between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity between the plaintiffs and the defendants in an action." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (emphasis in original). Furthermore, removal based on diversity jurisdiction is not permissible

> if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). This is known as the "forum defendant" rule. See Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006). For jurisdictional purposes, the citizenship of limited liability companies is determined by the citizenship of their members. See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).

#### b. Application

Healthbridge and Lexington Health Care Center are limited liability companies. Based on the citizenship of their members, Lexington Health Care Center is a citizen of New Jersey and

-3-

Healthbridge is a citizen of New York and New Jersey. The two LLCs are therefore diverse from plaintiff Rizzi, who is a citizen of Massachusetts. Because Upton and MacKenson are, however, citizens of Massachusetts, their joinder defeats the complete diversity required by 28 U.S.C. § 1332(a).

The LLC defendants argue that removal is nonetheless proper because plaintiff had not yet effected service upon the two individual defendants at the time of removal. Therefore, the LLC defendants contend, the non-diverse defendants had not yet been "properly joined and served" and their status does not defeat removal jurisdiction under 28 U.S.C. § 1441(b)(2). Section 1441, however, permits the removal only of those civil actions initiated in state court "of which the district courts of the United States have original jurisdiction." Id. § 1441(a).

Accordingly, if a case does not fall under this Court's original jurisdiction, removal cannot be sustained, regardless of the status of service on the various defendants. See Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939). Far from expanding the district courts' original jurisdiction, in its current form Section 1441(b)(2) addresses a limitation of such jurisdiction.[1] It does not expand jurisdiction so as to bring within the courts' removal power cases in which non-diverse defendants

---

[1] Although § 1441(b)(2) was first enacted in 1948, it has been subsequently revised multiple times, most recently in 2011.

-4-

remain unserved at the time of removal. See Morris v. Vitek, 412 F.2d 1174, 1176 & n.1 (9th Cir. 1969).

As another session of this Court recently observed,

> the purpose of the "properly joined and served" language was to prevent plaintiffs from defeating removal through improper joinder of a forum defendant.

Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 319-20 (D. Mass. 2013) (Woodlock, J.). Because plaintiffs may not serve defendants who were fraudulently joined for the purpose of defeating diversity jurisdiction, service of process provides a proxy which can be used to guard against gamesmanship. Id. The LLC defendants do not, however, claim fraudulent joinder in this case. To the contrary, the individual defendants are primary actors in the alleged violations of plaintiff's rights.

Given that the LLC defendants have alleged diversity jurisdiction as the sole basis for removal, this Court is without jurisdiction over the instant case. Accordingly, the case will be remanded to the Massachusetts Superior Court for Middlesex County.

### IV. Motion for Costs and Attorneys' Fees

#### a. Legal Standard

Section 1447(c) of Title 28 of the United States Code permits plaintiffs to recoup costs and actual expenses, including attorneys' fees, spent pursuing a successful motion to remand. "Absent unusual circumstances, courts may award

attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Although the U.S. Court of Appeals for the First Circuit has not defined what constitutes an "objectively reasonable basis" for removal, other sessions of this Court have declined to award expenses and costs unless the facts are "so one-sided as to have made remand a foregone conclusion." Huston v. FLS Language Centres, 18 F. Supp. 3d 17, 25 (D. Mass. 2014) (citing Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 239 (D. Mass. 2010). In applying this standard, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Martin, 546 U.S. at 141.

### b. Application

In the first place, the absence of complete diversity of the parties, and therefore this Court's lack of jurisdiction under 28 U.S.C. § 1332(a), is apparent on the face of plaintiff's complaint. The application of 28 U.S.C. § 1441(b)(2) to unserved forum defendants has, however, been debated among federal courts. The LLC defendants cite several cases in which other courts have found no bar to removal when a forum defendant was unserved at the time of removal. Allen v. Eli Lilly & Co., No. 10-cv-141, 2010 WL 3489366, at *2 (S.D.

Cal. Sept. 2, 2010); In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Relevant Products Liability Litigation, No. 3:09-md-02100, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010); Stewart v. Auguillard Construction Co., No. 09-6455, 2009 WL 5175217, at *3-4 (E.D. La. Dec. 18, 2009); Chace v. Bryant, No. 4:10-CV-85, 2010 WL 4496800, at *2 (E.D.N.C. Nov.1, 2010). The parties in each of those cases were, however, completely diverse from one another, rendering those cases inapposite to this one.

Furthermore, the LLC defendants' removal of this case is reminiscent of the gamesmanship that Congress sought to address when it enacted §1441(b)(2). In communications with plaintiff's counsel, defense counsel agreed to accept service solely on behalf of the LLC defendants, although the same attorneys now purport to represent the individual defendants as well. Counsel then proceeded to remove the case to federal court on the same day that service was accepted, before plaintiff had time to serve the individual defendants. Although § 1441(b)(2) was intended to prevent forum shopping by plaintiffs, such tactics by defendants are disingenuous.

Plaintiff has, however, done herself no favors by neglecting, to this date, to make service of process on the non-diverse defendants. In addition to being essential to plaintiff's joinder of those parties, such service would have

-7-

highlighted the impropriety of the LLC defendants' removal. Instead, plaintiff's failure to serve the individual defendants leaves the question of diversity in doubt.

Plaintiff avers that her failure to serve the individual defendants stemmed from a concern that doing so would constitute submission to federal jurisdiction and waiver of her right to move to remand. Although that issue has not been resolved in the First Circuit, the only two courts to address it have found that tendering service of process under similar circumstances does not waive a plaintiff's right to remand. See Todd v. DSN Dealer Service Network, Inc., 862 F. Supp. 1531 (S.D.N.Y. 1994); Gratz v. Murchison, 130 F. Supp. 709 (D. Del. 1955). As such, plaintiff's concern is unfounded.

Plaintiff's inconsistent action constitutes an "unusual circumstance" in which the award of costs and expenses would not be "faithful to the purposes of awarding fees under § 1447(c)." Martin, 546 U.S. at 141 (internal quotation omitted). Accordingly, although it is a close question, plaintiff's motion for costs and attorneys' fees will be denied.

**ORDER**

For the foregoing reasons, plaintiff's motion to remand (Docket No. 9) is **ALLOWED** and her motion for costs and attorneys' fees (Docket No. 9) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 8, 2016